ACCEPTED
07-14-00379-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
1/19/2015 10:44:31 AM
Vivian Long, Clerk

No. 07-14-00379-CV

In the Court of Appeals
For the Seventh District of Texas
Amarillo, Texas

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
1/20/2015 10:44:31 AM
VIVIAN LONG
CLERK

**SREEDHARAN PILLAI and ANITHA PILLAI,**

**Appellants,**

**v.**

**NARAYANA G. PILLAI and PRIYA PILLAI,**

**Appellees**

Appealed from Cause No. 66,872B
In the 181st District Court of Randall County, Texas
Hon. John B. Board, Presiding

**APPELLEES' BRIEF**

PETERSON FARRIS BYRD & PARKER
A PROFESSIONAL CORPORATION
P.O. BOX 9620
600 S. TYLER, SUITE 1600
AMARILLO, TEXAS 79105-9620
(806) 374-5317; FAX (806) 374-9755
BARRY D. PETERSON, SB NO. 15830500
  bdp@pf-lawfirm.com
LIBERTY LAY, SB NO. 24046274
  llay@pf-lawfirm.com
BLAIR SAYLOR OSCARSSON, SB NO. 24056073
  boscarsson@pf-lawfirm.com

Attorneys for Appellees

**Oral Argument Requested**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES......................................................................................ii

STATEMENT OF THE CASE ..............................................................................1

REQUEST FOR ORAL ARGUMENT...................................................................1

ISSUES PRESENTED..........................................................................................1

STATEMENT OF FACTS .....................................................................................2

SUMMARY OF THE ARGUMENT .......................................................................4

ARGUMENT AND AUTHORITIES........................................................................4

Issue 1: The Texas court may property assert personal jurisdiction over Appellants.......4

    A. De Novo Standard of Review Applies......................................................4

    B. Personal Jurisdiction depends on the Party's Contacts with the Forum ...............5

    C. Appellees Set Forth Sufficient Facts to Support Jurisdiction ...............7

    D. Exercise of Jurisdiction Comports with Traditional Notions of Fair Play and Substantial Justice ...............13

Issue 2: Appellees' jurisdictional allegations include both Appellants...........13

PRAYER ...............................................................................................................14

CERTIFICATE OF COMPLIANCE........................................................................15

CERTIFICATE OF SERVICE................................................................................16

# INDEX OF AUTHORITIES

**Cases:**

*Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801 (Tex. 2002)......................6

*Ark of Safety Christian Church, Inc. v. Church Loans & Invs. Trust*, 2006 Tex. App. LEXIS 1202 (Tex. App. Amarillo Feb. 14, 2006), *appeal dism'd*, 279 S.W.3d 775 (Tex. App.—Amarillo 2007, no pet.)......................10

*BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789 (Tex. 2002).........................5, 6

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)...............................11, 13

*CSR Ltd. v. Link*, 925 S.W.2d 591 (Tex. 1996) (orig. proceeding)......................5

*Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984)...............................6

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)......................5

*Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372 (Tex. 1988)......................4

*Mi-Jack Prods. Inc. v. Braneff*, 827 S.W.2d 493 (Tex. App.—Houston [1st Dist.] 1992, no pet.)......................12

*Minucci v. Sogevalor, S.A.*, 14 S.W.3d 790 (Tex. App.—Houston [1st Dist.] 2000, no pet.)......................5

*Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569 (Tex. 2007) ...........................4, 5

*Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142 (Tex. 2013)......................6

*Nichols v. Tseng Hsiang Lin*, 282 S.W.3d 743 (Tex. App.—Dallas 2009, no pet.).........11

*Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131 (Tex. 2004)......................11

*North Coast Commercial Roofing Sys., Inc. v. RMAX, Inc.*, 130 S.W.3d 491 (Tex. App.—Dallas 2004, no pet.)......................9

*Renfro Drug Co. v. Lewis*, 235 S.W.2d 609 (Tex. 1950)......................4

*RSR Corp. v. Siegmund*, 309 S.W.3d 686 (Tex. App.—Dallas 2010, no pet.)..................6

*Spir Star AG v. Kimich*, 310 S.W.3d 868 (Tex. 2010)......................5

*Trigeant Holdings, Ltd. v. Jones*, 183 S.W.3d 717 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ..................................................................................................6

*Worford v. Stamper*, 801 S.W.2d 108 (Tex. 1990) ........................................................4


## Rules:

Tex. Civ. Prac. & Rem. Code Ann. § 17.042 ..................................................................5

Tex. R. App. P. 9.4 .......................................................................................................15

Tex. R. App. P. 39.1 .......................................................................................................1

Tex. R. Evid. 408 ....................................................................................................11-12

## APPELLEES' BRIEF

In this brief, Appellees Narayana G. Pillai and Priya Pillai will be referred to as "Appellees" and Appellants Sreedharan Pillai and Anitha Pillai be referred to as "Appellants," unless the parties need to be further distinguished, in which case they will be referred to by name.

References to the Clerk's Record will be cited as "CR [page]."

## STATEMENT OF THE CASE

This is a suit to collect the balance owed on a promissory note brought in a Texas state court by Narayana and Priya Pillai, Appellees, against Sreedharan and Anitha Pillai, Appellants, who are residents of Toronto, Canada. CR 120. Appellants filed a Special Appearance, arguing they are not amenable to service of process in Texas. CR 9. The trial court denied Appellants' Special Appearance on September 29, 2014. CR 140. Appellants filed a Notice of Appeal on October 16, 2014. CR 141.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 39.1, Appellees respectfully request the opportunity to present oral argument. Appellees submit that oral argument will assist the Court in determining the legal and factual issues presented.

## ISSUES PRESENTED

1. The Texas court may properly assert personal jurisdiction over Appellants.

2. Appellees' jurisdictional allegations include both Appellants.

## STATEMENT OF FACTS

Appellees disagree with Appellants' characterization of the facts in this case, and file this alternative Statement of Facts.

Narayana Pillai and Sreedharan Pillai are brothers. In August of 2001 Narayana Pillai and his wife, Priya, ("Appellees") loaned Sreedharan Pillai and his wife, Anitha, ("Appellants") $200,000.00 to assist with the purchase of a home. CR 70. To memorialize the terms of the loan, on August 4, 2001, Appellants signed a $200,000.00 note ("the note") payable to Appellees. The note provided that it was to be repaid in equal monthly installments beginning February 1, 2002, "and continuing until January 01, 2012, (the 'Due Date'), at which time the remaining unpaid principal and interest shall be due in full." The note further provided that no "...delay in enforcing any right of the Lender under this Note...shall affect the liability or the obligations of the Borrower." CR 7-8.

Appellants did not make any of the monthly payments on the promissory note, leaving the entire principal balance of $200,000.00, plus accrued interest, due and payable on the "Due Date" of the note, January 1, 2012. CR 72. In November of 2012, while Narayana and Sreedharan Pillai were in each other's presence in California, Narayana asked Sreedharan to repay the loan. Appellants ignored the request for payment. In a letter from Narayana to Sreedharan dated July 16, 2013, Narayana again requested that Appellants repay the loan. CR 72. In a responsive letter from Sreedharan to Narayana dated August 12, 2013, Appellants offered to repay Appellees the principal owed on the note but none of the accrued interest. CR 74.

On February 7, 2014, Appellees sued Appellants in the 181st District Court of Randall County, Texas, to collect the outstanding balance of principal and accrued interest owed on the note. CR 4. Appellants filed a Special Appearance on June 13, 2014. CR 9. The Special Appearance was set for hearing on July 31, 2014. CR 26.

At that hearing, Appellees asked for additional time to respond to the Special Appearance and that the court consider ruling on the Special Appearance by submission. The court granted the requested extension of time and the judge announced that he preferred to rule on the Special Appearance by submission. Thereafter, Appellees filed their Response to the Special Appearance (CR 28), Appellants filed a Reply in Support of Special Appearance and Motion to Strike (Appellees') Response (CR 43), Appellees filed a Sur-Reply to (Appellants') Response (CR 65), Appellees filed an Amended Petition (CR 120), Appellants filed a Second Reply in Support of Special Appearance (CR 126), and Appellees filed a Response to (Appellants') Second Reply in Support of Special Appearance. CR 137. In an Order signed September 29, 2014, the court overruled Appellants' Special Appearance and denied Appellants' Motion to Strike. CR 140. Neither Appellants nor Appellees requested that the court make and file findings of fact and conclusions of law. Appellants gave Notice of Appeal on October 16, 2014. CR 141.

## SUMMARY OF THE ARGUMENT

The trial court correctly concluded that Appellants had sufficient minimum contacts with Texas to establish jurisdiction. Appellants sought and obtained a personal loan from Texas family members (Appellees) and executed a promissory note agreeing to remit payment to Texas and to use Texas law to govern their agreement.

## ARGUMENT AND AUTHORITIES

**Issue 1:    The Texas court may properly assert personal jurisdiction over Appellants.**

### A.    De Novo Standard of Review Applies

Whether a court can exercise personal jurisdiction over nonresident defendants is a question of law; thus a trial court's determination of a special appearance is reviewed de novo. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007). When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

In this case, no findings of fact or conclusions of law were requested or filed. It is therefore implied that the trial court made all findings necessary to support its judgment. *Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex. 1988). In determining whether some evidence supports the judgment and the implied findings of fact, "it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in nature." *Renfro Drug Co. v. Lewis*, 235 S.W.2d 609, 613 (Tex. 1950). The reviewing court must affirm if the judgment can be upheld on

any legal theory supported by the evidence. *Minucci v. Sogevalor, S.A.*, 14 S.W.3d 790, 794 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

**B.    Personal Jurisdiction depends on the Party's Contacts with the Forum**

A court may assert personal jurisdiction over a nonresident defendant only if the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and the Texas long-arm statute are satisfied. *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996) (orig. proceeding). Under the long-arm statute, Texas courts can exercise personal jurisdiction over a nonresident defendant who "does business" in Texas. Tex. Civ. Prac. & Rem. Code Ann. § 17.042; *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). The statute lists three activities that each constitute "doing business" in Texas, the first of which is contracting with a Texas resident when either party is to perform the contract in whole or in part in Texas. Tex. Civ. Prac. & Rem. Code Ann. § 17.042. The requirements of the Texas long-arm statute are satisfied if the exercise of personal jurisdiction comports with federal due process limitations. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 872 (Tex. 2010).

The exercise of personal jurisdiction over a nonresident defendant is constitutional when two conditions are satisfied: (1) the defendant has established minimum contacts with the forum state; and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts are sufficient for personal jurisdiction when the nonresident defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007).

There are three aspects pertinent to a purposeful-availment inquiry: (1) only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or a third person; (2) the contacts relied on must be purposeful rather than random, fortuitous, or attenuated; and (3) the defendant must seek some benefit, advantage, or profit by "availing" itself of the jurisdiction. *Id.* The purposeful-availment analysis ultimately seeks to determine whether a nonresident's conduct and connection to a forum are such that it could reasonably anticipate being haled into court there. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 152 (Tex. 2013).

When undertaking a minimum contacts analysis, the court is to consider the quality and nature of the defendant's contacts, rather than their number. *Trigeant Holdings, Ltd. v. Jones*, 183 S.W.3d 717, 725 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). "The defendant's activities, whether they consist of direct acts within Texas or conduct outside Texas, must justify a conclusion that the defendant could reasonably anticipate being called into a Texas court." *RSR Corp. v. Siegmund*, 309 S.W.3d 686, 698 (Tex. App.—Dallas 2010, no pet.) (citing *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002)).

The minimum contacts requirement may be met by showing either general jurisdiction or specific jurisdiction. General jurisdiction requires continuous and systematic contacts between the nonresident and the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984). Specific jurisdiction may be asserted when the cause of action arises out of or is related to the activities the nonresident defendant has conducted within Texas. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 796 (Tex. 2002).

Appellees alleged that the trial court had both general and specific jurisdiction over Appellants. CR 121. In determining that it had jurisdiction over Appellants, the trial court did not specify whether that jurisdiction was general, specific, or both. CR 140.

## C. Appellees Set Forth Sufficient Facts to Support Jurisdiction

### 1. Appellants Contracted with Texas Residents and were to Perform the Contract in Texas

In their petition in the trial court, Appellees alleged the following facts to support jurisdiction over Appellants: Appellants contracted to borrow money from family members in Texas (Appellees); the contract was to be performed in whole or in part in Texas; the promissory note executed by Appellants states that it is to be governed by Texas law; and Appellants were to make payments to Appellees' home address in Texas. CR 121. Appellees also demonstrated that Appellants communicated with Appellees and attempted to settle the repayment dispute by offering to transfer to Appellees' Texas bank account a lesser sum than the amount due, and that Appellant Sreedharan Pillai traveled to and worked in Texas over the course of several years. CR 65, 67, 69-71.

In response, Appellants argued that Texas courts do not have jurisdiction because, they claim, the parties' contract is a "Sham Note." CR 9, 13. That is, Appellants contended that the promissory note they executed in exchange for receiving $200,000 from Appellees was not a genuine promissory note. Appellants have denied the reality of the note in their efforts to avoid the trial court's exercise of personal jurisdiction over them, and devote the first five pages of their brief to explaining away the note. Appellants' Brief, pp. 1-5. Notably, Appellants do not deny that they signed the

note or that they received the money, they simply deny that their acceptance of the money and execution of the note obligate them to do what the note says they must do: repay the loan. Appellants' Brief, pp. 1-5.

Appellees have repeatedly affirmed that the note means what it says, reflecting an actual obligation of Appellants to repay the loan. CR 5, 28-29, 65, 70-71.

Importantly, for the sole purpose of determining jurisdiction, this key fact is presumed to favor the trial court's judgment that sufficient contacts with the forum exist. Based on that and the remaining facts before the court, Appellants had sufficient contacts with Texas for personal jurisdiction to attach.

### 2. Appellants Purposefully Availed Themselves of the Privilege of Transacting Business in Texas

Appellants deliberately created continuing obligations between themselves and Appellees, who are residents of Texas. Appellants obtained a loan from Appellees and used the proceeds of the loan to purchase a house. CR 28, 35, 69, 70. Appellants signed a promissory note memorializing the transaction. CR 7, 8, 69, 70.

There was nothing random or attenuated about Appellants' contacts with Texas. The parties in this case are not simply participants in a business transaction based on the loan; they have close personal and familial relationships as well. Appellants knew Appellees (Appellant Sreedharan Pillai's brother and sister-in-law) lived in Texas when they negotiated and accepted the $200,000 loan from them, agreed to repay the loan in Texas, and agreed that Texas law would govern the loan arrangement. CR 28-29, 35. Appellants sought and obtained a benefit, advantage, or profit by availing themselves of the jurisdiction of Texas. Appellants' contacts with Texas continued over the years.

Appellants agreed to repay their loan from Appellees to Appellees in Texas. CR 7-8 (the note itself); 69-70 (offer to pay principal but not accrued interest).

Texas courts have found that this level of contact is sufficient to confer jurisdiction. In *North Coast Commercial Roofing Sys., Inc. v. RMAX, Inc.*, 130 S.W.3d 491 (Tex. App.—Dallas 2004, no pet.), for example, an Ohio company solicited a credit account from a Texas company so it could distribute the Texas company's products. The Ohio company was required to remit payment to Texas, and the parties agreed that any disputes would be governed by Texas law. The Dallas court concluded that the solicitation of credit, combined with the fact the nonresident defendant executed a contract with a Texas resident that contained a choice of law provision and required payment in Texas, established that the Ohio company had purposefully availed itself of the privilege of doing business in Texas. *Id.* at 495. The nonresident company therefore had sufficient minimum contacts with Texas to establish specific jurisdiction. *Id.*

Like the Ohio company in *North Coast*, Appellants' contacts with Texas are not overwhelming in number, but the nature and quality of those contacts are sufficient for the Texas court to exercise jurisdiction. Here, Appellants obtained a loan from the Texas Appellees, were required to remit payment to Texas, and agreed that any disputes would be governed by Texas law. The benefits and protections of the laws of Texas were openly called into play. It cannot be said that Appellants' contacts with Texas were random, fortuitous, or attenuated, nor can it be said that Appellants could not anticipate being haled into court in Texas when they failed to repay their family members the money they had borrowed.

Yet another example is the case of *Ark of Safety Christian Church, Inc. v. Church Loans & Invs. Trust*, 2006 Tex. App. LEXIS 1202 (Tex. App. Amarillo Feb. 14, 2006), *appeal dism'd*, 279 S.W.3d 775 (Tex. App.—Amarillo 2007, no pet.). In *Ark of Safety*, this Court found that a Maryland corporation that purposely contacted a Texas lender to obtain a loan and then defaulted on the loan had sufficient minimum contacts to come within the reach of the Texas long-arm statute. *Id.* There, the defendant had few quantitative contacts with Texas: it was a Maryland corporation with its principal place of business in Maryland; it had not done business in Texas; it did not own property in Texas; the property involved in the transaction was located in Maryland; the administrative requirements of the loan were or could have been performed in Maryland; and the plaintiff did business throughout the United States. The court considered these factors but noted that another factor trumped them all: the defendant purposely contacted the plaintiff "with the specific design and goal of obtaining a loan from a Texas resident." *Id.*

It is undisputed that the parties are family members and that Appellants accepted the $200,000 loan from Appellees. The record reflects that Appellees provided the loan so that Appellants could purchase a home (which Appellees personally viewed and approved in Canada). CR 28, 45, 60-61, 70. Appellant Sreedharan was unemployed at the time, and the terms of the note therefore provided flexibility as to when payments were due. CR 28, 45, 60-61, 70. There is nothing to indicate that Appellees regularly make such loans, and nothing to indicate that Appellants could have obtained such favorable loan terms from another lender. The resulting conclusion is that Appellants

purposefully sought out Appellees as a source of financing, just like the defendants sought out the plaintiffs in *Ark of Safety*.

This is precisely the sort of purposeful availment that brings defendants within the reach of the Texas long-arm statute. Appellants are attempting to wield the due process clause as a territorial shield to avoid an obligation that they have assumed voluntarily, a tactic which is clearly prohibited. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

### 3. Any Consideration of Appellants' Letter Offering to Pay their Debt was Proper

Appellants next argue that the trial court wrongly considered the letter from Appellant Sreedharan Pillai to Appellee Narayana Pillai regarding his desire to repay the loan without interest. CR 74. Appellants assert, as they did in the trial court, that the letter is an offer of settlement and inadmissible under Texas Rule of Civil Procedure 408. (Presumably Appellants have in mind Texas Rule of Evidence 408.)

A trial court's ruling on the admission of special appearance evidence is reviewed under an abuse of discretion standard. *See Nichols v. Tseng Hsiang Lin*, 282 S.W.3d 743, 747 (Tex. App.—Dallas 2009, no pet.). The erroneous admission of evidence requires reversal only if the error probably, though not necessarily, resulted in an improper judgment. *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004).

Appellants have offered no direct argument showing that the trial court did consider the letter, or explaining how any consideration of the letter probably caused the rendition of an improper judgment. Moreover, since the trial court was not determining

liability, only jurisdiction, it is impossible for the admission of the letter to violate Rule of Evidence 408.

Texas Rule of Evidence 408 provides:

Evidence of (1) furnishing or offering or promising to furnish or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion *when the evidence is offered for another purpose*, such as proving bias or prejudice or interest of a witness or a party, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Tex. R. Evid. 408 (emphasis added).

Texas Rule of Evidence 408 excludes evidence of settlement on matters of liability, but does not require exclusion when the evidence is offered for other purposes. Tex. R. Evid. 408; *Mi-Jack Prods. Inc. v. Braneff*, 827 S.W.2d 493, 499 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (holding that Rule 408 allowed admission of "Mary Carter" agreements to show interest of former codefendants). The only matter before the trial court was whether it had personal jurisdiction over Appellants. The only purpose for which the letter could be considered was the court's minimum-contacts analysis. Therefore, Appellants' argument that the evidence violates Texas Rule of Evidence 408 is without merit.

In sum, Appellants' contacts with Texas are sufficient for the Texas court to exercise jurisdiction in this case.

**D.    Exercise of Jurisdiction Comports with Traditional Notions of Fair Play and Substantial Justice**

Finding that minimum contacts exist is not the end of the personal jurisdiction inquiry. An assertion of personal jurisdiction may not offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

On appeal, Appellants have alleged only that they lack sufficient contacts with Texas for the court to exercise jurisdiction over them; they have not alleged that the exercise of personal jurisdiction over them would offend traditional notions of fair play and substantial justice. Therefore, Appellees will not address that issue but will note that the U.S. Supreme Court has observed that when a nonresident has purposefully established minimum contacts with the forum state, the exercise of jurisdiction will rarely fail to comport with traditional notions of fair play and substantial justice. *Id.*at 477-78. This Court may fairly conclude that exercising jurisdiction over Appellants comports with traditional notions of fair play and substantial justice.

**Issue 2:    Appellees' jurisdictional allegations include both Appellants.**

Finally, Appellants argue that Appellees made no allegations to support personal jurisdiction over Appellant Anitha Pillai. Appellees note that Appellants are making this argument for the first time on appeal. At the trial court, Appellants requested that the court sustain "their" special appearance and dismiss Appellees' suit against "them." CR 9 (see also CR 17, 23, 54, 133).

Quite the contrary to Appellants' claim, Appellees have made the same key allegations as to both Anitha Pillai and Sreedharan Pillai: *both* Appellants contracted to borrow money from family members in Texas (Appellees); *both* Appellants accepted the

$200,000.00 loan; *both* Appellants signed the contract that was to be performed in whole or in part in Texas; *both* Appellants obligated themselves to make payments to Appellees in Texas. CR 121. Appellees have consistently maintained that both Appellants are liable for the indebtedness giving rise to this lawsuit. Appellants' claim that there are "no allegations" supporting jurisdiction over Anitha Pillai is simply incorrect.

Appellees grant that Appellant Sreedharan Pillai had additional contacts with Texas besides those noted above (e.g., he traveled to and worked in Texas over the course of several years and he wrote the letter stating he and his wife would settle the debt for principal only in 2013). CR 65, 67, 69-71, 74. However, the fact that Sreedharan's contacts with the forum exceeded those of Anitha's does not mean that there are "no allegations" against Anitha.

Notwithstanding Appellants' inventive argument, for the reasons set forth above, the trial court correctly determined that it may exercise personal jurisdiction over both Appellants.

## PRAYER

Appellants did not successfully negate grounds for personal jurisdiction, and they do not contend that the exercise of personal jurisdiction over them offends traditional notions of fair play and substantial justice. Therefore, Appellees Narayana G. Pillai and Priya Pillai request that this Court affirm the judgment of the trial court and grant them such other and further relief to which they are entitled.

PETERSON FARRIS BYRD & PARKER
A PROFESSIONAL CORPORATION
P.O. BOX 9620
600 S. TYLER, SUITE 1600
AMARILLO, TEXAS 79105-9620
(806) 374-5317; FAX (806) 374-9755

BY:  */s/ Liberty D. Lay*

BARRY D. PETERSON, SB NO. 15830500
    bdp@pf-lawfirm.com
LIBERTY LAY, SB NO. 24046274
    llay@pf-lawfirm.com
BLAIR SAYLOR OSCARSSON, SB No. 24056073
    boscarsson@pf-lawfirm.com

**Attorneys for Appellees**


## CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4(i)

Pursuant to Tex. R. App. P. 9.4(i), the undersigned hereby certifies that this document contains less than 15,000 words, as indicated by the word-count function of the computer program used to prepare it, and excluding the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

*/s/ Liberty D. Lay*
Liberty D. Lay

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing instrument was served through certified or first class mail on the 19th day of January, 2015, to the following:

Mr. Richard Biggs
Ms. Alysia Córdova
Mullin Hoard & Brown, L.L.P.
500 S. Taylor, Suite 800
Amarillo, TX 79101
Attorneys for Appellants

_/s/ Liberty D. Lay_
Liberty D. Lay